IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin W. Phillips,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 09-1491-PHX-DGC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Marvin W. Phillips. Doc. #1. Following a jury trial in Maricopa County Superior Court in 2006, Petitioner was convicted of two counts of aggravated driving under the influence, class four felonies under Arizona law. Doc. #5, Exh. A, Memorandum Decision at 3. On January 3, 2007, Petitioner was sentenced to concurrent terms of 10 years in prison for each count, the presumptive term under Arizona law for a class four felony with two prior convictions. Id. at 4.

On the same day he was sentenced, Petitioner filed a Notice of Appeal. Doc. #5, Exh. B. Petitioner's appointed counsel subsequently filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that after searching the entire record on appeal, he could find no arguable grounds for reversal. Doc. #5, Exh. A, Memorandum Decision at

2. Petitioner then filed a *pro se* supplemental brief. Doc. #11, Exh. H. On February 12, 2008, the Arizona Court of Appeals in a Memorandum Decision rejected Petitioner's claims and affirmed his convictions. Doc. #5, Exh. A. A subsequent Petition for Review to the Arizona Supreme Court was denied on June 13, 2008. Doc. #5, Exh. G.

On February 5, 2007, Petitioner filed a Notice of Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #5, Exh. C. He then filed a *pro se* Petition for Post-Conviction Relief on February 27, 2007. Doc. #5, Exh. D. On May 8, 2007, through counsel, Petitioner filed a Motion to Withdraw Notice of Post-Conviction Relief without prejudice to a later filing because Petitioner already had a direct appeal pending. Doc. #5, Exh. E. The trial court granted the motion to withdraw in a Minute Entry dated May 10, 2007. Doc. #5, Exh. F. It appears from the habeas petition that Petitioner did not re-file a petition for post-conviction relief after his direct appeal was denied. Doc. #1 at 4. Respondents assert in their answer that Petitioner elected to bypass state collateral proceedings and instead filed his federal habeas petition. Doc. #5 at 4.

Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this court on July 20, 2009. Doc. #1. He alleged three grounds for relief in the petition but in the screening order, the District Court Judge denied ground three and a portion of ground one. Doc. #3. The Court directed Respondents to respond to the following claims: (1) that Petitioner's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments were denied when he was charged with a possession of marijuana count that had already been adjudicated, thus violating the double jeopardy clause and demonstrating that the prosecution was vindictive; and (2) that Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his court appointed lawyer at the pretrial conference failed to represent him to the best of his ability and file appropriate motions.

Less than a month after the original petition and the screening order were filed, Petitioner filed an Amended Petition on August 17, 2009. Doc. #4. The amended petition contains only one ground for relief ("ground four") and thus appears to be a supplement to his original petition. Generally, an amended complaint supersedes its original complaint.

1  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990); King v.
2  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Causes of action alleged in an original complaint
3  which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d at 567.
4  Because it clearly appears that Petitioner did not intend the amended complaint to supersede
5  the original and instead intended it as a supplemental petition, the court will consider the
6  claim raised in the amended petition. Petitioner alleges in "ground four" of the amended
7  petition that his rights under the Fourth and Fourteenth Amendments were violated when the
8  prosecutor presented perjured testimony regarding Petitioner's alcohol level as determined
9  by the Intoxilyzer breath machine.

On September 8, 2009, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #5. Petitioner filed a Reply on November 2, 2009. Doc. #8. Petitioner then filed a Motion for Summary Judgment on February 5, 2010. Doc. #9.

**DISCUSSION**

Respondents contend that Petitioner's claims are procedurally defaulted. Respondents did not address the one claim in the amended petition, presumably because they were not directed to do so. See Rule 5(a) of the Rules Governing Section 2254 Cases ("The respondent is not required to answer the petition unless a judge so orders."). Upon review of the claims, the court finds that the double jeopardy claim in ground one and the ineffective assistance claim in ground two were properly raised in the state court. The court will, therefore, address those claims on the merits. However, the selective prosecution claim in ground one and the claim in ground four were not fairly presented in the state court and are procedurally defaulted.

**A.    Procedural Default**

    **1.    Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court

in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489

U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

### 2. Application

In his *pro se* direct appeal brief to the Arizona Court of Appeals, Petitioner raised three claims. He first alleged that he was indicted on an offense to which he already pled guilty, thus violating his double jeopardy rights. Doc. #11, Exh. H. He also alleged that his court-appointed attorney was incompetent when he failed to file a timely motion to remand regarding the offense to which Petitioner had already pled guilty. Id. Lastly, he alleged that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Id.

Petitioner's allegation of selective or vindictive prosecution in ground one of the habeas petition was not raised in the state court. Nor was the claim in ground four of the habeas petition, which alleges the prosecutor presented perjured testimony regarding the breath machine. Having failed to present these claims in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[1] As a result, these claims are procedurally defaulted. Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. The court will therefore recommend that the claims be denied.

## B. Merits Analysis

### 1. AEDPA Standard of Review

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

Under the AEDPA[2], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). Thus, the "unreasonable application" clause requires the state court's application of Supreme Court law to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

### 2. Double Jeopardy Claim in Ground One

The Arizona Court of Appeals addressed a double jeopardy claim in its Memorandum Decision on direct appeal. Doc. #5, Exh. A at 6. Although Petitioner arguably raised a federal double jeopardy claim in his brief (Doc. #11, Exh. H at ii and 1), the Court of

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

Appeals addressed his state double jeopardy claim only. Doc. #5, Exh. A at 5-6. Regardless, the facts of the claim provide no basis to find double jeopardy. As the Court of Appeals explained, although it was error to charge Petitioner for a marijuana offense he already pled guilty to, once the error was discovered, the trial court dismissed the charge before trial. Doc. #5, Exh. A at 6. The Court of Appeals decision denying Petitioner's appeal, and thus necessarily any federal double jeopardy claim, was not contrary to, or an unreasonable application of, clearly established United States Supreme Court law. Nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The court that this claim be denied.

### 3. Ineffective Assistance Claim

The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689.

Petitioner argues in ground two that his lawyer at the initial pretrial conference after Petitioner's indictment failed to file any motions to address the marijuana charge he had already pled guilty to. Petitioner raised essentially the same claim in his direct appeal. Doc. #11, Exh. H at 1-2. The Arizona Court of Appeals resolved this claim in its Memorandum Decision, stating that Petitioner filed two waivers of counsel and therefore the attorney against whom he alleged ineffective assistance was advisory only. Doc. #5, Exh. A at 8-9. The Court further explained that it would not consider ineffective assistance claims on direct

appeal and that they must be presented in a state petition for post-conviction relief. Id. Petitioner has presented nothing to show that the Court of Appeals decision regarding his ineffective assistance claim is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. Because Petitioner has failed to satisfy the standard for habeas relief, the court will recommend that the claim in ground two be denied.

### C. Conclusion

Having determined that two of Petitioner's claims are procedurally defaulted and that the remaining claims fail on the merits, the court will recommend that the petition be dismissed.

### D. Motion for Summary Judgment

The court will further recommend that Petitioner's Motion for Summary Judgment be denied as moot. The court has addressed the claims raised by Petitioner in his habeas petition and a motion for summary judgment on those claims is unnecessary and procedurally improper.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) and the Amended Petition (Doc. #4) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That Petitioner's Motion for Summary Judgment be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 27th day of May, 2010.

_____
Edward C. Voss
United States Magistrate Judge