**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin Phillips, | No. CV-09-1491-PHX-DGC (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan; and the Attorney General of the State of Arizona, | |
| Respondents. | |

Marvin Phillips is serving a ten-year sentence in state prison for aggravated driving under the influence of intoxicating liquor or drugs. He has filed petitions for writ of habeas corpus (Docs. 1, 4) and a motion for summary judgment (Doc. 9). Magistrate Judge Edward Voss has issued a report and recommendation ("R&R") that the petitions and motion be denied. Doc. 13. Petitioner has filed an objection. Doc. 15.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1). The Court must undertake *de novo* review of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). For reasons stated below, the Court will accept the R&R.

Three grounds for relief are asserted in the original petition. Petitioner alleges in ground one that the re-charging of a marijuana offense violated his rights under the Arizona Constitution and the Double Jeopardy Clause of the Fifth Amendment. Doc. 1 at 6. He

further alleges that the prosecutor engaged in vindictive prosecution in violation of his federal constitutional rights. *Id.* at 6-7. In ground two, Petitioner claims that he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his trial counsel filed no timely motion pertaining to the marijuana charge. *Id.* at 8. Ground three asserts a violation of the federal sentencing guidelines. *Id.* at 9.

In a screening order dated July 27, 2009, the Court denied ground three and the portion of ground one based on a purported violation of the Arizona Constitution. Doc. 3. Petitioner has not challenged those rulings.

The amended petition, filed after the issuance of the screening order, alleges that the prosecutor presented perjured testimony regarding Petitioner's alcohol level in violation of the Fourth and Fourteenth Amendments (ground four). Doc. 4.

Judge Voss finds in his R&R that Petitioner has procedurally defaulted ground four and the vindictive prosecution claim asserted in ground one by failing to fairly present those claims in state court. Doc. 13 at 3-5. Plaintiff asserts that he has presented evidence in his amended petition (Doc. 4) that he was not under the influence of alcohol (Doc. 15 at 4), but does not dispute that he failed to present this claim in state court. Plaintiff further asserts that he raised ground one before the Arizona Court of Appeals, including in his pro se supplemental brief (Doc. 11-1 at 2-8). Doc. 15 at 4. A review of the state court record (Docs. 5-1, 11-1) belies this assertion.

The Court agrees with Judge Voss that Petitioner did not fairly present to the state courts ground four or the vindictive prosecution claim asserted in ground one. Petitioner does not allege cause and prejudice, nor has he shown a miscarriage of justice sufficient to overcome the procedural default. The Court, therefore, will accept the R&R and deny ground four and the vindictive prosecution claim asserted in ground one. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (federal habeas review of procedurally defaulted claims "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

1 | The Arizona Court of Appeals denied Petitioner's double jeopardy claim on the ground that although it was error to charge Petitioner for a marijuana offense to which he had pled guilty, the error was discovered and the charge dismissed prior to trial. Doc. 5-1 at 10. Judge Voss concludes that the double jeopardy claim asserted in ground one of the petition (Doc. 1 at 6) is without merit because the Court of Appeals' decision is not contrary to, or an unreasonable application of, clearly established United States Supreme Court law, nor is it based on an unreasonable determination of the facts in light of the evidence presented in state court. Doc. 13 at 7; *see* 28 U.S.C. § 2254(d)(1)-(2). Petitioner asserts that his trial counsel should have discovered the marijuana-charge error sooner, but presents no argument or legal authority undermining the validity of the state court decision. The Court will accept the R&R and deny the double jeopardy claim asserted in ground one.

The Arizona Court of Appeals denied Petitioner's claim of ineffective assistance of counsel because such claims must first be presented to the trial court in a petition for post-conviction relief and because Petitioner's trial counsel served only in an advisory capacity. Doc. 5-1 at 12-13. Judge Voss concludes that this decision is neither legally nor factually unreasonable. Doc. 13 at 7-8. Nothing in the objection changes this conclusion. *See* Doc. 15 at 3-4. The Court will accept the R&R and deny ground two.

Judge Voss recommends that Petitioner's motion for summary judgment (Doc. 9) be denied as moot and as procedurally improper. Doc. 13 at 8. There is no objection to that recommendation.

**IT IS ORDERED:**

1. The Magistrate Judge's R&R (Doc. 13) is **accepted**.
2. The petitions for writ of habeas corpus (Docs. 1, 4) are **denied**.
3. Petitioner's motion for summary judgment (Doc. 9) is **denied**.
4. The Clerk is directed to **terminate** this action.
5. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the Court's

procedural ruling debatable.

DATED this 21st day of July, 2010.

_____
David G. Campbell
United States District Judge